UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARLES A. DONATO,

                         Petitioner,
    v.                                                                                                         9:25-CV-0415
                                                                                      (MAD/MJK)
BRIAN SCHENCK, Sheriff, CCJ,

                         Respondent.
_____

APPEARANCES:                                           OF COUNSEL:

CHARLES A. DONATO
Petitioner, pro se
8334
Cayuga County Jail
7445 County House Road
Auburn, New York 13021

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner Charles Donato seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] Petitioner also remitted the statutory filing fee. Dkt. Entry for Pet. dated 03/17/25 (memorializing receipt information from the filing fee transaction).

This is the second federal habeas action petitioner has filed in as many weeks. *See Donato v. Schenck*, No. 9:25-CV-0338 (GTS) ("*Donato I*"). The first suffered from the same defects; however, the Decision and Order denying *Donato I* may have crossed in the mail with the instant pleading. *Compare Donato I*, Dkt. No. 2, Order (dated March 25, 2025) *with*

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Pet. at 3 (dated March 31, 2025).  Accordingly, the undersigned has also conducted an initial review of this pleading, and, for the following reasons, dismisses the action.

## II. THE PETITION

As the Court previously found in *Donato I*, a search of the Incarcerated Information database maintained by the New York State Department of Corrections and Community Supervision ("DOCCS") shows that petitioner was convicted of various drug offenses in 2022 and was conditionally released to parole.  *See* DOCCS Incarcerated Lookup, https://nysdoccslookup.doccs.ny.gov/ (searching "Donato, Charles") (last accessed March 19, 2025).  Sometime thereafter, petitioner violated those conditions and, on February 11, 2025, was sentenced to a drug treatment program.  Pet. at 1-2.  However, as of March 31, 2025, petitioner states that he is still confined in Cayuga County Jail in violation of "the mandatory 21 business days" provision, presumably related to the timing of transferring individuals into treatment programs.  *Id.* at 2.

While petitioner has not stated as much, liberally construing his pleading it appears that petitioner argues that his constitutional rights have been violated because the officials at the Cayuga County Jail have failed to comply with the time limits imposed by New York Criminal Procedure Law § 410.91 about transferring individuals sentenced to drug treatment first to a reception center and then to a treatment facility.

Petitioner has not challenged this delay in state court.  Pet. at 2.  For a more complete statement of petitioner's claims, reference is made to the petition.

## III. DISCUSSION

### A. Non-Cognizable Claim

Habeas corpus relief is available if a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  Accordingly, "[a] federal court may not issue the writ on the basis of a perceived error of state law."  *Pulley v. Harris*, 465 U.S. 37, 41 (1984).  Therefore, to the extent that petitioner seeks federal habeas relief because respondent failed to comply with New York State law, such relief is unavailable.

To the extent petitioner argues that he had a constitutional liberty interest in a timely transfer to the drug treatment program to which he was sentenced, such claims are also unpersuasive.  "[T]he authority in this Circuit holds that the failure of prison authorities to timely transfer an inmate to a drug treatment program does not state a redressable constitutional claim."  *Cofield v. Lempke*, No. 1:10-CV-0284, 2011 WL 2881951, at *5 (W.D.N.Y. July 15, 2011) (citing *Andujar v. Fischer*, No. 9:09-CV-0489 (NAM/DRH), 2010 WL 786298, at *2-*4 (N.D.N.Y. Mar. 2, 2010)).  Whether the inmate was seeking relief pursuant to the civil rights statute or a federal habeas action, the result is the same: "courts in this Circuit have explicitly held that a delay in transferring prisoners to [a drug treatment program] does not state a federal due process claim."  *McMillian v. Perez*, No. 1:14-CV-3854, 2016 WL 4926202, at *5 & n.7 (S.D.N.Y. Sept. 14, 2016) (citing *inter alia Andujar* and *Cofield* and explaining that the "decisions . . . set forth general legal principles rather than holdings limited to the specific facts presented by the individual [inmates].").

Accordingly, relief for any such violation is not available through a federal habeas corpus action.

**B.    Exhaustion**

Even if petitioner did assert a cognizable claim, there is still a fatal flaw to the instant petition. An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, petitioner specifically states that he has not attempted to seek redress in the state courts. Pet. at 2. Specifically, petitioner does not allege that he has filed a state habeas petition or otherwise fully exhausted his available state court remedies before filing the instant petition. *See Andujar*, 2010 WL 786298, at *4 (discussing the state habeas petition the inmate had successfully filed seeking transfer to Willard) (citing *Andujar v. Fischer*, No. 9:09-CV-0489 (NAM/DRH), Dkt. No. 1, Complaint, at 7-9). Accordingly, the petition is dismissed without prejudice as premature and unexhausted. Petitioner may re-file

any claims once they have been fully exhausted and the state court proceedings have concluded.

IV.   CONCLUSION

WHEREFORE, it is

ORDERED that the Petition, Dkt. No. 1, is DISMISSED; and it is further

ORDERED that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:  April 14, 2025
        Albany, New York

Mae A. D'Agostino
U.S. District Judge